UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                        :

In re                                 :

RESIDENTIAL CAPITAL, LLC,      :

                                :       Case No. 12-12020 (MG)
                     Debtor.     :       Chapter 11
                                :       Jointly Administered
-----------------------------------------------------------X
                                  :

ROBYNNE ARIEL FAULEY, interested  :
party,                               :

                                :
                     Appellant,   :

                                :       18-CV-4748 (VSB)
          - against -           :
                                :       **OPINION & ORDER**

RESCAP LIQUIDATING TRUST et al.,   :

                                :
                     Appellees.   :
                                :
-----------------------------------------------------------X

<u>Appearances</u>:

Wayne Michael Pressel
Pressler and Pressler
Parsippany, New Jersey
*Counsel for Appellant*

Adam A. Lewis
Norman S. Rosenbaum
Morrison & Foerster LLP
New York, New York
*Counsel for Appellee ResCap Liquidating Trust*

Casey Brian Howard
Samantha Anne Ingram
Locke Lord Bissell & Liddell LLP
New York, New York
*Counsel for Appellee LNV Corporation*

<u>VERNON S. BRODERICK</u>, United States District Judge:

Appellant Robynne Ariel Fauley ("Fauley") appeals two orders entered by now-Chief Judge Martin Glenn of the United States Bankruptcy Court for the Southern District of New York in the underlying bankruptcy action.  These orders found that Fauley's prolix filings did not request any relief and directed the Clerk of Court not to accept further filings from her. Currently before me is Fauley's appeal of the two orders.  Because I find that Fauley's filings in the underlying bankruptcy action were improper and requested no relief that a bankruptcy court could grant, and that the Bankruptcy Judge should have fashioned his order barring any future filings by Fauley by providing a mechanism for review, the order filed on April 24, 2018, is AFFIRMED, and the order filed on May 2, 2018, is AFFIRMED AS MODIFIED.

## I.        **Factual Background and Procedural History**

This appeal arises from the bankruptcy of Debtors Residential Capital, LLC and certain of its subsidiaries (collectively, "Debtors"), which were some of "the largest servicers of residential mortgage loans in the country" prior to the financial crisis at the end of the 2000s. (*See* Doc. 32, at 11.)  Debtors each filed a petition for relief under Chapter 11 of the Bankruptcy Code on May 14, 2012 in the Bankruptcy Court for the Southern District of New York ("Bankruptcy Court").  (Bankr. Doc. 1.)[1]  I will refer to this Chapter 11 action as the "Bankruptcy."  On December 11, 2013, the Bankruptcy Court entered an order approving the terms of a Chapter 11 plan (the "Plan").  (Bankr. Doc. 6065).  The Plan provided for the creation of Appellee ResCap Liquidating Trust ("Trust") to handle making payments to creditors under the Plan and to take other actions to effectuate the winding down of the Debtors' bankruptcy

---

[1] "Bankr. Doc." refers to filings in the bankruptcy action giving rise to this appeal, *In re Residential Capital, LLC*, No. 12-12020-mg (Bankr. S.D.N.Y.).

estates.  (*See id.*)

On July 17, 2012, the Bankruptcy Court entered an order authorizing Debtors to retain Perkins Coie LLP ("Perkins Coie") as counsel to handle specific matters.  (Bankr. Doc. 799.) Other Bankruptcy Court orders authorized Perkins Coie to play various other roles as counsel in the Bankruptcy.  (*See, e.g.*, Bankr. Doc. 3853 (authorizing Perkins Coie to act as "Special Insurance Coverage Counsel").)   As part of undertaking its representation of Debtors, Perkins Coie performed a conflicts check, and it filed with the Bankruptcy Court an extensive list of entities to which it had connections and which may have interests in the Bankruptcy.  (Bankr. Doc. 3759 Ex. 2.)  The list states that Appellee LNV Corporation ("LNV") was a current and former client of Perkins Coie, and that LNV is one of several "Other Counterparties to Servicing Agreements" relevant to the Bankruptcy, but that LNV is not a creditor or a party with an interest otherwise adverse to that of Debtors.  (*See generally id.*)  Trust also retained Perkins Coie as its counsel in the Bankruptcy.  (*See* Bankr. Doc. 10482-1 ("Nye Decl." or "Nye Declaration").)

In March 2013, Fauley, who had a residential mortgage with Debtor Residential Funding Company LLC ("RFC")—a subsidiary of Debtor Residential Capital, LLC—filed an action in the Circuit Court of the State of Oregon against RFC and other parties, including LNV, challenging the validity of her mortgage note and raising a number of other allegations of illegal conduct relating to her mortgage (the "Fauley Action").  (*See* Nye Decl. Ex. 5.)  The Fauley Action was removed to federal court, and by stipulation and order with RFC it was dismissed without prejudice as to RFC.  (*See* Nye Decl. ¶ 6 & Ex. 7.)  Subsequently, LNV and other Fauley Action defendants moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), and then-Chief Judge Michael W. Mosman of the District of Oregon dismissed the Fauley Action with prejudice.  (Nye Decl. Ex. 7.)

In July 2015, LNV filed suit against Fauley in the United States District Court for the District of Oregon, through which LNV sought judicial foreclosure against Fauley.  *See generally LNV Corp. v. Fauley*, No. 15-cv-1422-HZ (D. Or.) (the "LNV Action").  On April 18, 2016, LNV was granted summary judgment in the LNV Action.  (LNV Action Doc. 52.)   On March 5, 2018, the judgment in the LNV Action was affirmed by the Ninth Circuit Court of Appeals.  (LNV Action Doc. 101.)

On January 22, 2018, Fauley and three other individuals who were unrepresented by counsel (collectively, the "Cosignatories") filed in the Bankruptcy a document that I will refer to as the "Notice of Fraud."  (Bankr. Doc. 10469 ("NoF").)  The Notice of Fraud is 38 pages of main text and includes an additional 53 pages of attachments and exhibits.  The Cosignatories, including Fauley, all appear to have had residential mortgages and to have lost foreclosure actions brought by LNV.  (*See* NoF 4.)  The Cosignatories use the Notice of Fraud to describe allegations of misconduct, chiefly against Perkins Coie.  Their allegations include that Perkins Coie had various conflicts of interest due to its representation of LNV in other matters, (*id.* at 22), that Perkins Coie had filed "false forged counterfeit mortgage instruments [sic]," (*id.* at 3), and that a Perkins Coie attorney had "viciously" litigated an eviction proceeding against one of the Cosignatories even though the attorney "knows she has CANCER and eviction threatens her recovery and therefore her life," (*id.* at 5).  The Cosignatories accuse Perkins Coie, LNV, and others of misconduct; however, it is often difficult to discern how this alleged misconduct relates to the Bankruptcy Action.[2]

---

[2]  (*See, e.g.*, NoF 6 (discussing "the unconstitutional effects of *Twombly* and *Iqbal*" and how they have led to "egregious civil rights deprivations"); *id.* at 8 ("The characteristics visible on Doc. 5-2 are consistent with digital alteration in PhotoShop© where the paint brush tool is used to color sections by 'pouring' color into a shape."); *id.* at 14 ("Deutsche Bank was caught red-handed in a money-laundering scheme that involved $ 10 billion in dirty money from Russian oligarchs and was forced to pay fines totaling $671 million to New York's Department of

On the 38th page of the Notice of Fraud, the Cosignatories "request this court to appoint a special class counsel to for them [sic] and the class they represent."  (*Id.* at 38.)

Trust filed an objection to the Notice of Fraud on March 2, 2018.  (Bankr. Doc. 10482.) LNV joined this objection on March 3, 2018.  (Bankr. Doc. 10485.)  On March 19, 2018, the Cosignatories requested time to file a response to Trust's objection.  (Bankr. Doc. 10494.)  The Bankruptcy Court granted them two weeks to file a response.  (Bankr Doc. 10495.)  However, instead of filing a response addressed to Trust's objection, the Cosignatories filed, either together or individually, a number of additional documents that essentially replicate the Notice of Fraud ("Supplements to the Notice of Fraud").  The initial Supplements to the Notice of Fraud span five pages, (Bankr Doc. 10506), 121 pages, (Bankr Doc. 10505), 137 pages, (Bankr. Doc. 10504), and 141 pages, (Bankr. Doc. 10503).  Further Supplements to the Notice of Fraud span 54 pages, (Bankr Doc. 10508), and 24 pages, (Bankr Doc. 10509).

On April 24, 2018, the Bankruptcy Court entered an order stating that it was denying the Notice of Fraud and Supplements to the Notice of Fraud, because the filings made "no motion or request for relief available under the Bankruptcy Code."  (Bankr. Doc. 10516 (the "First Order").)

On April 27, 2018, Fauley filed a document styled as "Motion – Response to Continue and Stay."  (Bankr. Doc. 10521 (the "Fauley Motion").)  The Fauley Motion is 44 pages long and begins by stating that it "present[s] claims against the trust of ongoing injuries and damages by Residential Funding Co. LLC, which does include criminal acts, forgery and fraud."  (*Id.* at

---

Financial Services, Britain's Financial Conduct Authority, and the US Federal Reserve in 2017."); *id.* at 23 ("Any reasonable person whose job was to scan original [mortgage] notes into the LPS system would know, or should reasonably know not to scan an unattached allonge because it is not legally part of the note."); *id.* at 33–34 ("Our constitution protects us from deprivation of property without due process of law" followed by several quotes from various founding fathers and Supreme Court justices).)

2.)  However, the Fauley Motion does not appear to plead any claims entitling Fauley to relief. Instead, it asks the Bankruptcy Court to "provide" Fauley with "proof" that Debtors and LNV legally could have foreclosed upon Fauley's home.  (*See id.* at 2–3.)  The Fauley Motion attaches certain briefing that Fauley filed in the Fauley Action.  (*Id.* at 9–37.)

On May 2, 2018, the Bankruptcy Court entered an order related to the Fauley Motion. (Bankr. Doc. 10422 ("Second Order").)  The Second Order states that "[t]he Court has carefully reviewed [the Fauley Motion] and concludes that Fauley is *not* entitled to any relief from this Court.  Therefore, Fauley's application is **DENIED**.  The Clerk is directed not to accept for filing in this case any further pleadings from Fauley."  (*Id.* at 1–2.)

## II.   Legal Standard

A district court has jurisdiction pursuant to 28 U.S.C. § 158(a)(1) to hear appeals from "final judgments, orders, and decrees" of a bankruptcy court.  On such an appeal, a district court reviews the bankruptcy court's findings of fact for clear error, and any conclusions of law are reviewed de novo.  *See In re Momentum Mfg. Corp.*, 25 F.3d 1132, 1136 (2d Cir. 1994).  A bankruptcy court's discretionary decisions are reviewed for abuse of discretion.  *See, e.g.*, *In re Boodrow*, 126 F.3d 43, 47 (2d Cir. 1997).  A bankruptcy court's "rulings on the credibility of witnesses . . . are [also] reviewed under an abuse of discretion standard."  *In re CBI Holding Co.*, 419 B.R. 553, 563 (S.D.N.Y. 2009) (citing *Universal Church v. Geltzer*, 463 F.3d 218, 226 (2d Cir. 2006); *BIC Corp. v. Far E. Source Corp.*, 23 F. App'x 36, 38–39 (2d Cir. 2001) (summary order)).

In reviewing the decision of a bankruptcy court, the district court "may affirm on any ground that finds support in the record, and need not limit its review to the bases raised or relied upon in the decisions below."  *Freeman v. Journal Register Co.*, 452 B.R. 367, 369 (S.D.N.Y.

2010).  However, the district court may not consider evidence outside the record.  *See In re Bear Stearns High-Grade Structured Credit Strategies Master Fund, Ltd.*, 389 B.R. 325, 339 (S.D.N.Y. 2008).  Any arguments not raised in the bankruptcy court are considered waived; unless such a waiver results in manifest injustice, the new arguments will not be considered on appeal*.  See In re Barquet Grp., Inc.*, 486 B.R. 68, 72 n.3 (S.D.N.Y. 2012) (citing *In re Enron Corp.*, 419 F.3d 115, 126 (2d Cir. 2005)); *In re Lionel Corp.*, 29 F.3d 88, 92 (2d Cir. 1994).

## III.   Discussion

Fauley styles her appeal as raising five issues stemming from the First Order and the Second Order (together, the "Orders");[3] however, there are only two relevant questions here:

---

[3] Specifically, Fauley states the issue on appeal are:

I. Was Ms. Fauley denied procedural due process guaranteed by the Fifth Amendment to the *United States Constitution* by the May 2, 2018 Order (Doc. 10522) directing the Clerk of the United States Bankruptcy Court for the Southern District of New York "not to accept for filing in this case any further pleadings from Fauley", without cause and without providing the Appellant with notice and opportunity to be heard?

II. Because Ms. Fauley did not have the email evidence which shows that Residential Funding Company, LLC (RFC) and/or GMAC Mortgage, LLC (GMACM) and LNV Corporation (LNV), through its servicing agent MGC Mortgage, Inc. (MGC), discussed the creation of documents to make it appear that LNV was entitled to the remedy of foreclosure before the filing of the Chapter 11 Cases as Case Nos. 12-12019 (RFC) and 12-12032 (GMACM) until after the Bar Date for Claims had expired, was she denied procedural due process guaranteed by the Fifth Amendment to the *United States Constitution* in the Chapter 11 Case titled *In re Residential Capital, LLC* by the Bankruptcy Court's Orders denying her the opportunity to seek any relief in the administratively consolidated Chapter 11 Case?

III. Is Ms. Fauley entitled to seek relief in the Chapter 11 Case titled *In re Residential Capital, LLC* based on evidence consisting of a series of emails in October, 2008 between Michael Barnett, an employee of the servicing agent for Appellee LNV Corporation (LNV), MGC Mortgage, Inc. (MGC) and Diane Meistad of GMACM and/or RFC, discovered after the Bar Date for Claims had expired, in which RFC, predecessor in interest to the RESCAP Liquidating Trust, was asked to create assignments of the Deed of Trust granted by Ms. Fauley to Washington Mutual Bank, F.A. (WAMU) on June 12, 2002, affecting Ms. Fauley's property rights and interests?

IV. Do the emails transmitted between October 7, 2008 and October 27, 2008 which were produced in discovery conducted in litigation between LNV and Ms. Fauley after the Claims Bar Date in which Michael Barnett of MGC asks Diane Meistad at gmacrfc.com to create documents to make it appear that LNV was entitled to foreclose on Ms. Fauley's home constitute new evidence of fraud entitling Ms. Fauley equitable relief in the administratively consolidated Chapter 11 Case?

V. Is Ms. Fauley entitled to raise the issue that Perkins Coie LLP (Perkins Coie) failed to disclose a conflict of interest resulting from its concurrent representation of LNV in litigation against her then

first, whether the Bankruptcy Court should have granted Fauley any relief based on the Notice of
Fraud, Supplements to the Notice of Fraud, and the Fauley Motion; and second, whether the
Bankruptcy Court acted properly when it barred Fauley from making further filings in the
Bankruptcy Court.

Federal courts regularly disregard pleadings for failing to provide "a short and plain
statement of the claim showing that the pleader is entitled to relief." *Miller v. Abusive Members
Within the City (State) of New York*, 1:19-CV-10904 (CM), 2020 WL 917258, at *2 (S.D.N.Y.
Feb. 25, 2020) (collecting cases).  "The statement should be short because unnecessary
prolixity in a pleading places an unjustified burden on the court and the party who must respond
to it because they are forced to select the relevant material from a mass of verbiage." *Salahuddin
v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (internal quotation marks omitted).  This same rule—
that a party must make clear the relief she is seeking and the basis for that relief—applies in
bankruptcy courts.  *See, e.g.*, *In re Residential Cap., LLC*, 529 B.R. 806, 818 (Bankr. S.D.N.Y.
2015) ("Gosselin's breach of contract claim is too vague and fails to meet the
applicable pleading standards."); *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 496
B.R. 713, 716–17 (Bankr. S.D.N.Y. 2013) (declining to "waste further time and resources" on
filings from parties who had "file[d] many frivolous pleadings, often with scant or not legal
support" (footnotes omitted)), *aff'd sub nom. In re Bernard L. Madoff Inv. Sec. LLC*, No. 13 Civ.
4332(ALC), 2014 WL 1302660 (S.D.N.Y. Mar. 31, 2014); *In re Lott*, 363 B.R. 835, 836 (Bankr.
N.D. Ohio 2006) ("[P]leadings which are so confused, ambiguous, vague, or otherwise

---

pending in the United States District Court for the District of Oregon titled *Fauley v. Washington
Mutual Bank, F.A., et al.*, Case No. 3:13-cv-00581 as of April 4, 2013, when Perkins Coie sought
approval as Special Insurance Counsel (Doc. 3759) on May 17, 2013, when there are reasonable
grounds for believing that Chapter 9 of Title 18 may have been violated, contrary to 18 U.S.C. §
3057(a)?

(Doc. 22, at 5–7.)

unintelligible that its true substance, if any, is well disguised are not entitled to adjudication."
(internal quotation marks omitted)) .  A court, of course, may choose to devote time to a
litigant's confusing or labyrinthine papers, *see, e.g.*, *In re Natale*, 136 B.R. 344, 347 (Bankr.
E.D.N.Y. 1992) ("Parsing through the rambling, confusing and often irrelevant allegations, it
seems that the essential thrust of the second cause of action is Plaintiff's contention that the
Debtor's bankruptcy filing constitutes a substantial abuse of the provisions of Chapter 7"); *In re
Moxey*, No. 12-74340-AST, 2014 WL 1820607, at *3 (Bankr. E.D.N.Y. May 7, 2014)
("Although the Trustee Action Complaint is at times rambling and difficult to dissect, it
essentially seeks this Court's authority for Debtor to sue the Trustee for actions taken in his
capacity as a trustee"), but it need not do so.

       Here, the Bankruptcy Court stated that it did in fact review the Notice of Fraud, the
Supplements to the Notice of Fraud, and the Fauley Motion, and found that none of them sought
any "relief available under the Bankruptcy Code."  (First Order; Second Order.)  This review
was beyond the Bankruptcy Court's obligations given Fauley's "confused and rambling
submissions to the bankruptcy court."  *In re Spiegel, Inc.*, 385 B.R. 35, 39 (S.D.N.Y. 2008); *cf.
Salahuddin*, 861 F.2d at 42.  Indeed, I have reviewed both the Notice of Fraud, the Supplements
to the Notice of Fraud, and the Fauley Motion myself, and I see no way that they could be
interpreted, even charitably, as seeking the limited relief that a bankruptcy judge can grant.  *See*
28 U.S.C. § 151 ("Each bankruptcy judge . . . may exercise the authority conferred under this
chapter with respect to any action, suit, or proceeding and may preside alone and hold a regular
or special session of the court[.]").  The fact that the Fauley Motion simply reattaches Fauley's
briefing from the Fauley Action only serves to drive home the point that the Bankruptcy Court
could not have granted her any relief based on her filings.  Among other defects, legal rules of

8

preclusion would apply to prevent Fauley "from relitigating in a subsequent action," whether brought in the Bankruptcy Court or elsewhere, "[any] issue clearly raised in a prior action or proceeding and decided against" her.  *See Tracy v. Freshwater*, 623 F.3d 90, 99 (2d Cir. 2010).

In her reply brief, Fauley argues for the first time that she "is entitled to file an action" to determine whether an Oregon state law gives her a superior right of interest to her former home than that of another interested party to the Bankruptcy.  (Reply Br. 6.)[4]  This argument is untimely.  This issue has been waived since Fauley never raised this argument before, either in the Bankruptcy Court or in her opening brief.  *See In re Residential Cap.*, *LLC*, 15 Civ. 3248 (KPF), 2016 WL 796860, at *7 (S.D.N.Y. Feb. 22, 2016) ("[A]ny argument not raised in the bankruptcy court is considered waived and will not be considered by the district court" (citing *In re Lionel Corp.*, 29 F.3d 88, 92 (2d Cir. 1994)); *In re Motors Liquidation Co.*, 590 B.R. 39, 67 (S.D.N.Y. 2018) ("[A]rguments not made in an appellant's opening brief are waived even if the appellant . . . raised them in a reply brief." (quoting *JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir. 2005)), *aff'd*, 943 F.3d 125 (2d Cir. 2019).

Furthermore, Fauley concedes on appeal that the Bankruptcy Court was correct to determine that she does not seek "relief available under the Bankruptcy Code."  She states that the "Notice of Fraud is not a Motion nor is it a Pleading," (Reply Br. 7), but she does not identify any mechanism of law by which one can request relief from a bankruptcy court other than a motion or a pleading.  The Federal Rules of Bankruptcy Procedure are clear:  "A request for an order, except when an application is authorized by these rules, shall be by written motion."  Fed. R. Bankr. P. 9013.  Fauley's concession thus renders this entire appeal perplexing, since the premise of the appeal is that she had "s[ought] relief in the Bankruptcy Court" through the

---

[4] "Reply Br." refers to Appellant's Reply Brief.  (Doc. 39.)

Notice of Fraud.  (Opening Br. 7.)[5]  Her only argument as to the Fauley Motion is that it should

be treated as a "[m]otion for [r]econsideration of the Bankruptcy Court's refusal to provide relief

from the federal felonies exposed in the Notice of Fraud."  (*Id.* at 8.)  She offers no explanation

as to why the Bankruptcy Court should have reconsidered granting relief she now concedes her

Notice of Fraud did not move for in the first place.

 Given all of this, the Bankruptcy Court did not err in determining that Fauley's lengthy,

repeat filings sought no relief that it could provide.  The only question remaining, then, is

whether the Bankruptcy Court erred in its Second Order in which it barred Fauley from making

further filings.

 It is well established that "[f]ederal courts have the inherent authority to sanction

improper litigation conduct, including issuing pre-filing restrictions."  *In re Moise*, 575 B.R. 191,

206 (Bankr. E.D.N.Y. 2017) (entering order prohibiting litigant from commencing further

litigation to challenge prior state court foreclosure judgment); *In re Hartford Textile Corp.*, 681

F.2d 895, 897 (2d Cir. 1982) ("The equity power of a court to give injunctive relief against

vexatious litigation is an ancient one which has been codified in the All Writs Statute, 28 U.S.C.

s 1651(a) (1976).").  Just as "[f]ederal courts have a responsibility to protect themselves from

abuse" and have "ample authority to do so by restricting the ability of abusive litigants to file,"

so do "[b]ankruptcy courts" through "11 U.S.C. § 105(a)."  *In re Meltzer*, 535 B.R. 803, 820–21

(Bankr. N.D. Ill. 2015) (internal citations and quotation marks omitted) (collecting cases).

 In imposing a pre-litigation injunction barring a litigant from making a future filing, a

court is to consider factors including

 (1) the litigant's history of litigation and in particular whether it entailed vexatious,
 harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation,

---

[5] "Opening Br." refers to Appellant's Opening Brief.  (Doc. 22.)

e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986); *Moise*, 575 B.R. 206–07 (citing *Safir* and imposing a "pre-filing injunction").

Although the Second Order does not expressly state why it bars Fauley from further filing, it is clear that the factors articulated in *Safir* and still considered in this Circuit, *see, e.g.*, *Li v. Ali Baba Grp. Holding Ltd.*, 19-CV-11629 (VSB), 2021 WL 4084574, at *5 (S.D.N.Y. Sept. 7, 2021), are met. *See Freeman*, 452 B.R. at 369 ("The Court may affirm on any ground that finds support in the record, and need not limit its review to the bases raised or relied upon in the decisions below."). By attaching briefing from her prior litigations concerning her mortgage to the Fauley Motion, and by referencing all manner of already-decided cases in the Notice of Fraud, Fauley makes clear that, to the extent she seeks anything, it is to create duplicative litigation. By conceding that her Bankruptcy Court filings did not properly seek relief to begin with, (*see* Reply Br. 7), it is clear that Fauley had no good faith expectation of prevailing. Fauley has no doubt caused the other parties to this appeal needless expense through her filings, since they also filed papers both in the Bankruptcy Court and on appeal opposing Fauley. Finally, since Fauley and the other Cosignatories kept filing lengthy, confusing, improper papers in the Bankruptcy Court, it is reasonable to conclude that a pre-litigation injunction is needed to spare other parties and the judicial system the considerable chore of parsing through Fauley's filings.

With that said, pre-litigation injunctions generally should be fashioned with a mechanism to allow the enjoined party to seek permission to make subsequent filings. For example, in *Li v. Ali Baba Group Holding Limited*, I enjoined a party "from filing future actions related to or

arising from" certain facts "without first obtaining leave to file from this Court," and I provided a process by which that party could seek leave.  2021 WL 4084574, at *6.  *See also, e.g.*, *Gertskis v. N.Y. Dep't of Health and Mental Hygiene*, No. 13-CV-2024 (JMF), 2014 WL 2933149, at *7 (S.D.N.Y. June 27, 2014) (imposing similar injunction); *Moise*, 575 B.R. at 207 (barring party from making future filings "unless he first obtains permission from this Court to do so").

The Second Order contains no mechanism to allow Fauley to seek permission to make future filings in the Bankruptcy Court.  Accordingly, the Second Order is MODIFIED to allow Fauley to seek permission from the Bankruptcy Court before making further filings.  The Bankruptcy Court may articulate how Fauley should seek this permission as it sees fit, as it is far better positioned than I am to manage its docket.

**IV.   Conclusion**

For the foregoing reasons, the First Order is AFFIRMED and the Second Order is AFFIRMED AS MODIFIED.  The Clerk of Court is respectfully directed to terminate all pending motions and to terminate this action.

SO ORDERED.

Dated:  March 30, 2022
        New York, New York

Vernon S. Broderick
United States District Judge